IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK A. ADAMS, SR.          :
                            :
v.                          :   Civil No. WMN-05-1842
                            :
SELECTIVE INSURANCE CO.     :
                            :
                            :
                            :

**MEMORANDUM**

Before the Court is Defendant Selective Insurance Company of Southeast's ("Selective's") motion to vacate the Order for Default entered by the Circuit Court for Cecil County, Maryland. Paper No. 8.  Plaintiff Mark A. Adams, Sr. has not opposed the motion and the time for having done so has expired.  Upon a review of the pleading and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion will be granted.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On September 18, 2003, a storm caused damage to Plaintiff's house.  Plaintiff had a Standard Flood Insurance Policy issued by Defendant[1] and the day following the storm Plaintiff notified

---

[1] Defendant participates in the Federal Emergency Management Agency's ("FEMA's") "Write-Your-Own" ("WYO") program, a part of the National Flood Insurance Program ("NFIP"). See 42 U.S.C. §§ 4071(a), 4081; 44 C.F.R. §§ 62.23, 62.24. Defendant issues Standard Flood Insurance Policies and administers claims made under those policies. Defendant issued an NFIP Standard Flood Insurance Policy to Plaintiff.

Defendant of the damage.  The contract required that Plaintiff submit a "proof of loss" to Defendant within (60) days of the date of loss.  On October 20, 2003, Southern Adjusters International ("SAI"), hired by Defendant to assess the damage, sent Plaintiff its appraisal reports and copies of a "proof of loss" form.  Plaintiff failed to submit a "proof of loss" and on January 8, 2004, Defendant issued a check to Plaintiff in the amount of SAI's appraisals[2] and informed Plaintiff that because he violated the provision of his contract requiring the submission of a "proof of loss" it was closing his file.  On January 15, 2004, Plaintiff, through counsel, returned the check stating that he did not accept the amount offered.

　　　On April 6, 2005, Plaintiff filed a breach of contract claim against Defendant in the Circuit Court for Cecil County, Maryland seeking $74,500.  On April 18, 2005, Plaintiff filed an affidavit of service, asserting that he served Defendant with a copy of the summons and the Complaint.  The return receipt reflected that Nancy Bartholomew received the documents, but there is no indication that she was employed by or authorized to accept service of process on behalf of Defendant.[3]

　　　On June 14, 2005, Plaintiff filed a motion for an order of default.  Plaintiff served Defendant a copy of that motion on June 17, 2005.  On June 21, 2005, before defense counsel obtained

---

[2] The check, in the amount of $14,743.25, reflected the $5,000 advance payment made by Defendant to Plaintiff.

[3] Ms. Bartholomew was a mail clerk employed by Selective Insurance Company of America, a Selective affiliate.

a copy of the state court file, the circuit court entered the Order for Default.

Defendant removed the action to this court on July 7, 2005, and on July 14, 2005, filed a motion to set aside the default order.

## II. STANDARD OF LAW

Under Rule 55(c), the court may set aside an entry of default "[f]or good cause shown."  Fed. R. Civ. P. 55(c). "[R]elief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).  If default is entered without proper notice to the defendant, the defendant is not required to show a meritorious defense.  Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 86 (1988).  In addition, four factors may be taken into consideration when determining whether to grant a motion to vacate: "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."  Wainwright's Vacations, LLC v. Pan Am, 130 F. Supp. 2d 712, 720 (D. Md. 2001).

## III. DISCUSSION

This Court finds that Defendant acted with reasonable

3

diligence after it received a copy of Plaintiff's motion seeking an order of default on June 17, 2005.  The Order for Default was entered two days after Defendant received such notice and before Defendant was able to obtain a copy of the state court file in order to respond to the motion.  Within the following month Defendant acted with reasonable diligence by filing the notice of removal (July 7, 2005) and the motion to vacate the order of default presently before this Court (July 14, 2005).
See Wainwright's Vacations, 130 F. Supp. 2d at 718 (finding a one-month delay in filing a motion to vacate was reasonably prompt).

In addition, Defendant presents two valid defenses. Defendant proffers a reasonable argument that Plaintiff's claim could be barred by the statute of limitations.  Additionally, there is a question as to whether Plaintiff complied with the conditions of the Insurance Policy by failing to submit a "proof of loss" and, as such, whether Plaintiff is foreclosed from bringing a claim against Defendant.

Finally, none of the four factors taken into consideration when determining whether to grant a motion to vacate militate against the relief sought by Defendant.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to vacate

the order for default will be granted.  A separate order consistent with the reasoning of this Memorandum will follow.

                                                                          /s/
                                        William M. Nickerson
                                        Senior United States District Judge

Dated: September 29, 2005